UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOAO VIANA TULANDANA,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-03815-GJL

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Joao Viana Tulandana ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On October 7, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging Respondents violated his right to due process under the Fifth Amendment to the United States Constitution and requesting immediate release. *Id.* Respondents filed a Return on October 22, 2025, arguing that Petitioner received adequate due process in the form of a court-ordered bond hearing. Dkt. 6 at 1. Petitioner did not

file a traverse. *See* Dkt. 3 (setting case deadlines). The Petition has been fully briefed.[1] Dkts. 1, 6.

Respondents to the Petition include Markwayne Mullin (the Department of Homeland Security ("DHS") Secretary), David Venturella (Acting Director of ICE), Andre Quinones (Acting Field Office Director for ICE's Seattle Field Office),[2] Todd Blanche (U.S. Attorney General), and Bruce Scott (Warden of the NWIPC) (collectively "Respondents").

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **DENIES** the Petition (Dkt. 1) **without prejudice**.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Angola, who entered the United States without inspection or admission on December 31, 2023. Dkt. 1 at 2; Dkt. 6 at 2. The following day, Petitioner was apprehended by U.S. Border Patrol, issued a Notice to Appear, charged as inadmissible, placed in removal proceedings, enrolled in the Alternatives to Detention ("ATD") program, and released. Dkt. 6 at 2.

Two years later, on April 24, 2026, Petitioner was taken into immigration custody when he reported to ICE for a check-in appointment, pursuant to his ATD program requirements. *Id.* Respondents allege Petitioner was re-detained because ICE's records indicated that Petitioner missed approximately twenty-four check-ins or other procedures required by the terms of his ATD program. *Id.* On May 26, 2026, Petitioner, represented by counsel, received a bond hearing, and the Immigration Judge ("IJ") denied bond due to lack of jurisdiction. *Id.*; Dkt. 8-3. In the alternative, the IJ granted bond in the amount of $7,000. *Id.*

---

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 4.

[2] Pursuant to Fed. R. Civ. P. 25(d), Respondents substitute Andre Quinones for Julio Hernandez.

On June 5, 2026, Petitioner filed his first habeas petition in the Western District of Washington, Case No. 2:26-cv-01969-RSM. *Id.* On September 15, 2026, the Honorable Ricardo S. Martinez granted Petitioner's first habeas petition, holding that Petitioner was subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) as a member of the Bond Denial Class, and ordering the Government to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* On September 18, 2026, the Government provided Petitioner with a bond hearing during which the IJ denied Petitioner's request for release on bond after finding Petitioner constituted a flight risk. *Id.*

## II. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, a habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III. DISCUSSION

Petitioner brings one Count, alleging Respondents violated his right to due process under the Fifth Amendment to the United States Constitution when they re-detained him without providing him with notice or any opportunity to be heard. Dkt. 1. Specifically, Petitioner alleges he was "not afforded the opportunity—in any sense of the word—to present individualized facts and circumstances relating to his being a flight risk or danger to the community, or to dispute the

necessity of his civil custody[,]" and, while the "Court has held many times over that due process generally requires and [sic] individualized hearing prior to the [G]overnment's decision to terminate someone's liberty[,] … [n]o such hearing ever occurred in this case." Dkt. 1 at 3–4 (quotation modified). In response, Respondents contend that "Petitioner seeks to improperly re-litigate the constitutionality of his re-detention [and] has already received a Court-ordered bond hearing on September 18, 2026[.]" Dkt. 6 at 1. In support, Respondents tender the September 18, 2026, Order of the Immigration Judge, in which IJ Joshua Rosen found Petitioner to be a flight risk. Dkt. 8-5. Petitioner did not file a traverse to dispute the evidence. *See* Dkt. 3 (setting case deadlines).

The Court finds that Petitioner received his court-ordered bond hearing on September 18, 2026. Dkt. 8-5. Accordingly, Petitioner's due process claim, which rests solely on the allegation that he has not received such a hearing, is denied. *Singh v. Noem*, No. 2:26-CV-00304-GJL, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026) ("The fact that a post-deprivation bond hearing may be insufficient to cure a procedural due process violation at the moment of re-detention does not render the resulting bond decision legally irrelevant. … [E]ven assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision."); *L.P. v. Hernandez*, No. 26-CV-3554-MLP, 2026 WL 3181157, at *2–3 (W.D. Wash. Oct. 23, 2026) ("[B]ecause all of [p]etitioner's claims for relief arise from events pre-dating the IJ's flight risk finding, [p]etitioner has not demonstrated by a preponderance of evidence that her current detention is unlawful."); *Tulandana v. Scott*, Case No. 26-CV-01969-RSM, Dkt. 1 at 9-14, Dkt. 9 at 1–3 (W.D. Wash. June 5, 2026) (bringing a procedural due process claim and receiving relief in the form of a bond hearing on other grounds); *see also*

*Singh v. Mullin,* No. 26-CV-01730-GJL, 2026 WL 2111274, at *4–5 (W.D. Wash. July 22, 2026) (finding that, upon evaluation of the *Mathews* framework, an order of conditional release requiring the provision of a prompt post-deprivation bond hearing was sufficient to cure the due process violations incurred in the petitioner's re-detention where there was evidence of an individualized assessment that the petitioner's continued release posed a flight risk or a danger to the community prior to re-detention); *Medina-Ruiz v. Mullin*, No. 26-CV-3000-MLP, 2026 WL 3000919, at *4 (W.D. Wash. Oct. 6, 2026) (same).

The Court does not construe Petitioner's due process challenge as a challenge to the termination of Case No. 2:26-cv-01969-RSM, which directed the bond hearing, nor as a challenge to the adequacy of the bond hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petition (Dkt. 1) **without prejudice.**

Dated this 24th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge